IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERVIN LEE, JR.,
      Plaintiff,

vs.                                 Case No.:  3:15cv459/MCR/EMT

ESCAMBIA COUNTY SHERIFF, et al.,
      Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

      Plaintiff Ervin Lee, Jr. ("Lee"), a non-prisoner proceeding pro se, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis ("IFP") (ECF Nos. 1, 2). Lee's supporting financial affidavit demonstrates he qualifies to proceed IFP; therefore, his motion to so proceed will be granted.

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Lee, it is the opinion of the undersigned that dismissal of this action is warranted.

I.      LEE'S ALLEGATIONS

      Lee names five Defendants: the Escambia County Sheriff, Deputy Selar Pickett, and three private parties, Gerald Adcox, Matthew Teete, and Mark Teete (ECF No. 1 at 1–2).[1] Lee alleges that in 1998, he was staying at the Mayfair Motel in Pensacola, Florida (*id.* at 5). He alleges the Teetes "lured" him to the motel's office, and when he arrived, Mr. Adcox and another man (Joey Horne) were in the office (*id.*). Lee alleges the men threatened and intimidated him (*id.*). He alleges the men called the Escambia County Sheriff's Office, and Deputy Pickett arrived at the scene (*id.*). Lee alleges Mr. Adcox and the Teetes accused him of planning to leave the motel while he still owed

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

the innkeeper money, but Lee asserts he had paid for the nights he had stayed (*id.*). Lee alleges Adcox and the Teetes also reported that Lee had defrauded them by taking money from them to purchase automobiles (*id.*). Lee alleges Deputy Pickett listened to the allegations and then arrested him without any evidence that he committed fraud (*id.* at 6). Lee acknowledges, however, that the arrest was also based upon an outstanding fugitive warrant that had been issued from the State of Kansas (*id*). Lee alleges he was incarcerated from 1998 until 2010 (*id.*). He alleges during that time, a member of his family attempted to retrieve his personal property from the motel room, but Adcox and the Teetes refused to release it (*id.*). He alleges that upon his release, he discovered that all of his "paperwork" and personal property was gone (*id.*). Lee includes an itemized list of his personal property and the approximate value of the items (*id.* at 9).[2]

Lee contends Mr. Adcox and the Teetes were acting as agents of law enforcement when they made statements to Deputy Pickett that caused Lee to be arrested and charged with crimes (ECF No. 1 at 3, 5, 7). He also alleges the men are liable for the loss of his property, because they were responsible for securing it upon his arrest and returning it to either him or his family (*id.*).

Lee contends Deputy Pickett should not have arrested him for failing to pay the motel bill, because it was a civil matter, not a criminal offense (ECF No. 1 at 6–7). He contends Deputy Pickett and the Sheriff's Office are also liable for the loss of his property, because Pickett should have taken possession of Lee's personal property and secured it until Lee or his agent could retrieve it (*id.*).

Lee brings claims under § 1983 for false arrest and illegal deprivation of his property in violation of the Fourth, Sixth, and Fourteenth Amendments (ECF No. 1 at 4, 7). As relief, he seeks compensatory damages in the amount of $237,300.00 (*id.* at 4, 9).

## II.    ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss a claim if satisfied that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997). The

---

[2] Lee alleges his property included diamond rings, a Rolex watch, coins, gold and diamond necklaces, gold and diamond belt buckles, mink coats, leather coats, a cashmere coat, a London Fog coat, several pairs of Stacy Adams Shoes, two pairs of snake skin shoes, and a pair of "gator" shoes (ECF No. 1 at 9).

allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Id. at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Section 1983 of Title 42 of the United States Code provides for the recovery of monetary damages for an alleged violation of a right secured by the Constitution or other federal laws; however, two essential elements must be present: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), overruled on other grounds, Daniels

v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted). To satisfy this third test, the private party must be "intertwined in a symbiotic relationship" with the government. *See* Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1278 (11th Cir. 2003).

Here, nothing in Lee's complaint indicates that Mr. Adcox and the Teetes acted with Deputy Pickett to falsify facts leading to Lee's arrest. Rather, he alleges only that they provided false information to Pickett. This is insufficient to show that Adcox and the Teetes were state actors under § 1983. *See* Focus on the Family, 344 F.3d. at 1278; *see also* Nat'l Broad. Co., Inc. v. Commc'ns Workers of Am., 860 F.2d 1022, 1025 n.4 (11th Cir. 1988) ("[P]rivate conduct is fairly attributable [to the State] only when the state has had some affirmative role . . . in the particular conduct underlying a claimant's civil rights grievance.") (emphasis added); *see also, e.g.*, Brivik v. Law, 545 F. App'x 804, 808 (11th Cir. 2013) (unpublished but recognized for persuasive authority) (plaintiff's allegation that co-investors knowingly and deliberately falsified information during their meetings with law enforcement was insufficient to show that co-investors were state actors under § 1983); Wellington v. Royal Caribbean Cruises, Ltd., 511 F. App'x 974, 977 (11th Cir. 2013) (cruise line employee who claimed that defendants' failure to return his belongings after he was arrested while on duty aboard vessel amounted to unlawful deprivation of property failed to state facially plausible § 1983 claim against his employer or coworkers; even assuming that arresting

officer, who was not even a defendant, instructed employees to have plaintiff's property sent to his family, plaintiff could not show state action under public function, state compulsion, or nexus/joint action tests); <u>Woods v. Valentino</u>, 511 F. Supp. 2d 1263, 1272–74 (M.D. Fla. 2007) (alleged conduct of a sheriff's deputy and his wife, in threatening a neighbor in an effort to force him to relocate, filing false police reports against neighbor and lying to obtain an injunction and neighbor's arrest for violation of that injunction, was not taken under color of state law, and therefore was not actionable under § 1983; there was no evidence that any state authority coerced or significantly encouraged the deputy and his wife to violate the neighbor's constitutional rights, no evidence that the deputy or his wife performed any public function traditionally within the prerogative of either the Sheriffs Office or the town's police department, and no evidence that the deputy and his wife fell within the nexus/joint action test for state actors.).

Additionally, Lee's allegations fail to state a plausible claim for relief under § 1983 against Deputy Pickett or the Sheriff's Office for the loss of his personal property. The Due Process Clause encompasses two components, a substantive component and a procedural component. The substantive component of the Due Process Clause protects only "fundamental" rights. *See* <u>McKinney v. Pate</u>, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing <u>Palko v. Connecticut</u>, 302 U.S. 319, 325, 58 S. Ct. 149, 82 L. Ed. 288 (1937)). Fundamental rights "are protected against certain government actions regardless of the fairness of the procedures used to implement them." <u>McKinney</u>, 20 F.3d at 1556. In contrast, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *Id.* Such state law-based rights can be rescinded "so long as the elements of procedural—not substantive—due process are observed." *Id.* Property interests are created and defined by state law rather than the Constitution. *See* <u>Greenbriar Vill., L.L.C. v. Mountain Brook City</u>, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)). They are not fundamental rights, and thus are not entitled to substantive due process protection. *See id.* at 1262–63 ("[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim.); *see also* <u>Regents of Univ. of Mich. v. Ewing</u>, 474 U.S. 214, 229, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985) (Powell, J., concurring) ("While property interests are protected by procedural due

process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution.").

With regard to the procedural component of the Due Process Clause, the Supreme Court has unequivocally held that an unauthorized intentional deprivation of property by a state actor does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *See* Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). Under Florida law, a person may file a tort action in state court to recover damages for destruction of property. *See* Fla. Stat. § 768.28 (2011). The existence of § 768.28 provides Lee with a meaningful, post-deprivation remedy to challenge the loss of property caused by intentional conduct by a state actor. Additionally, the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of property. *See* Daniels, 474 U.S. at 328. Therefore, Lee's due process claim concerning the deprivation of his personal property is foreclosed.

Lee's contention that Deputy Pickett should not have arrested him because defrauding an innkeeper is a civil matter, not a criminal offense, is without merit. Florida statutes provide that any person who obtains lodging or other accommodations having a value of less than $300 at any "transient establishment," with intent to defraud the operator thereof, is guilty of a second degree misdemeanor; and if such lodging or other accommodations have a value of $300 or more, the person is guilty of a third degree felony. Fla. Stat. § 509.141(1). Further, Lee acknowledges that Deputy Pickett had a lawful reason to arrest him notwithstanding the fraud allegations, due to the

outstanding fugitive warrant.[3]  Therefore, Lee's allegations fail to state a plausible Fourth Amendment claim.

Moreover, all of Lee's § 1983 claims are barred by the statute of limitations.  Because § 1983 does not contain a specific statute of limitations, § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations.  The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury.  Wilson v. Garcia, 471 U.S.261, 276 (1985).  Further, the Court stated that the statute, once selected, should govern all §1983 actions arising in that state.  *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250,1252 (11th Cir. 1985) (citations omitted).  The applicable statute of limitations in Florida is four (4) years.  Baker v. Gulf & W. Indus., 850 F.2d 1480, 1481 (11th Cir. 1988); Grace v. Wainwright, 761 F. Supp. 1520 (M.D. Fla. 1991); *see* Fla. Stat. § 95.11(3) (1991).

Although the court applies Florida law in this regard, federal law determines the date on which the statute begins to run.  Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th

---

[3] The court takes judicial notice of information available on the database maintained by the Escambia County Florida Clerk of the Circuit Court, viewed November 9, 2015, http://www.escambiaclerk.com, which indicates that on January 29, 1997, Petitioner was charged in Case No. 1997-CF-000252 with one count of felony defrauding an innkeeper.  *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).  On March 20, 1998, Petitioner entered a no contest plea to the lesser included offense of misdemeanor defrauding an innkeeper.  The court accepted Petitioner's plea, adjudicated him guilty, and sentenced him to one year in the county jail to run concurrently with his sentence in Case No. 1997-CF-000835, and with pre-sentence credit of one year.  The court's online public docket indicates that on March 13, 1997, Petitioner was charged with engaging in a scheme to defraud.  Following a jury trial on October 2, 1997, he was found guilty as charged.  On December 15, 1997, the court adjudicated him guilty and sentenced him to ten years in prison with credit for 301 days.  On February 22, 2001, the trial court vacated Petitioner's sentence and re-sentenced him to 44 months in prison with credit for 301 days plus any time served.

The database maintained by the Clerk of Court for the Third Judicial District, Shawnee County, Kansas, viewed November 9, 2015, http://www.shawneecourt.org, indicates that on November 4, 1996, Petitioner was charged in Case No. 1996-CR-003581 with one count of theft by deception.  Petitioner appeared for a first appearance on August 19, 1998.  On September 30, 1998, Petitioner and his appointed counsel appeared in court, and Petitioner entered a no contest plea to misdemeanor theft.  The court accepted Petitioner's plea, adjudicated him guilty, and sentenced him to time served and payment of restitution in the amount of $2,500.00.

Cir. 2003). The Eleventh Circuit has held that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (citation omitted).

In the instant case, Lee commenced this § 1983 action on October 19, 2015 (ECF No. 1). However, he states that the events underlying his claims occurred in 1998, which is more than four years prior to the date he filed this lawsuit. Lee argues that the statute of limitations should be tolled, because (1) he was "unaware of the exact loss of property" in 1998, and (2) he was incarcerated until 2010 and then homeless for a period of time, which resulted in the loss of information concerning his property (*id.* at 5–6). However, the facts which would support a cause of action concerning his arrest were apparent, or should have been apparent to a person with a reasonably prudent regard for his rights, in 1998. Further, the facts which would support a cause of action concerning his property were apparent, or should have been apparent to a person with a reasonably prudent regard for his rights, in 1998, but certainly not later than 2010, when Lee was released from incarceration. Lee waited more than four years after that to file this action. Therefore, his claims are subject to dismissal on statute of limitations grounds.

III. CONCLUSION

Lee's allegations fail to state a plausible federal claim on which relief may be granted; therefore, his claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile in this instance, because the facts as alleged in the complaint, viewed in a light most favorable to Lee, could not be stated in any fashion so as to show that he is entitled to relief. Therefore, the court may dismiss this case without providing opportunity for amendment.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 9<u>th</u> day of November 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**